Shelley D. Krohn, Trustee
510 South 8th Street
Las Vegas, NV 89101
(702) 421-2210, Fax (702) 366-1939
shelley@trusteekrohn.com
Chapter 7 Bankruptcy Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Chapter 7<br>Case No.  BKS-14-17610-MKN |
| JESUS J. REYES and<br>PIEDAD E. REYES | **TRUSTEE'S MOTION TO SELL NON-EXEMPT ASSETS FREE AND CLEAR OF LIENS AND ENCUMBRANCES** |
| | Hearing Date:   OST Requested<br>Hearing Time:   OST Requested |
| Debtor(s). | |

SHELLEY D. KROHN, the duly appointed, qualified Federal Bankruptcy Trustee ("Trustee") herein, respectfully moves this Court for an Order allowing the Trustee to sell the Estate's interest in the real property located at 2300 East Silverado Ranch Blvd, #2131, Las Vegas, Nevada 89183, and more particularly described as:

Unit 2131 in Bldg 20 of Latigo as recorded in Plat Book 122, Page 41 of the official records of the Clark County, Nevada Recorder

APN #177-23-817-287  (hereinafter "Real Property"),

free and clear of any and all liens and encumbrances, without warranty and in an "as is" condition to Johnathon Ben Shalom. This motion is based upon the following points and authorities, the pleadings and proceedings had herein, and any oral argument this Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    Statement of Facts

1.    On November 13, 2014, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada.

2.    Shelley D. Krohn was appointed as the Trustee.

1

3. The 341 Meeting was concluded on December 17, 2014.  At said meeting, Debtors testified that they were surrendering their interest in the Real Property back to the secured lender(s).  Further, their Statement of Intention declares the Debtors' intent to surrender. [ECF No. 1, page 42].

4. On January 9, 2017, the Trustee obtained an Order from this Court employing Nevada Asset Preservation & Management  to list and market the Real Property for sale[1]. [ECF No. 35].

5. On or about September 12, 2016, the Trustee entered into an agreement to short-sale the Real Property to Johnathon Ben Shalom for $67,000.00 less costs of sale and real estate commissions. *See* purchase agreement attached as Exhibit 1.

6. Ocwen Loan Servicing, LLC, on behalf of US Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-4N, secured creditor holding the first Deed of Trust to the Real Property, agrees to release its lien against the Real Property in exchange for the balance of the purchase price less any real estate commissions, and other costs of sale necessary to effect the sale of the Real Property. *See* Exhibit 2. This is a buyer-specific transaction. Id.

7. Upon the sale of the Real Property, less costs of sale and real estate commissions, in addition to the payoff to the first secured creditor a holding Deed of Trust, the Estate will receive $5,000.00 as a carve-out from the buyer, Johnathon Ben Shalom, for the benefit of the unsecured creditors.

8. The Trustee has examined the value of the real property and believes that the purchase price is approximately equal to its actual value.

9. The Trustee also believes that it is in the best interest of the Estate to sell the Real Property to Johnathon Ben Shalom.

---

[1]The Trustee had previously employed Value Brokerage & Services to market and sell the Real Property on March 18, 2016 [ECF No. 30].  However, that company ceased to exist so the Trustee employed the present company, Nevada Asset Preservation & Management.

## II. Legal Argument

This Motion is brought pursuant to 11 U.S.C. §363, which provides:

> (b)(1) The trustee after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.
>
> . . .
>
> (f)     The trustee may sell property under Section (b) or (c) of this Section free and clear of any interest in such property of an entity other than the estate, only if -
>
> . . .
>
> (3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

The Trustee believes that the proposed sale is in the best interest of the Estate, and that considering the circumstances, the Estate is receiving fair and reasonable value for the asset being sold. The Real Property is fully encumbered by a mortgage. The value of the Real Property and current market conditions are such that the Trustee can only short sale the Real Property. The carve-out offered by Ocwen Loan Servicing, LLC, on behalf of US Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-4N, secured lien holder, and the proposed Buyer, for protecting and liquidating this asset of the Estate will also benefit the unsecured creditors by providing funds to the Estate. It is the Trustee's belief that the carve-out of $5,000.00 is the most cost-beneficial avenue for the Trustee to pursue with regard to the Real Property and is fair compensation for the Estate's efforts in the sale of the Real Property.

### III.   Conclusion

The Trustee respectfully requests this Court to approve the short sale of the Real Property as outlined herein to Johnathon Ben Shalom, or his assigns, less costs of sale and commissions and authorize the Trustee to sign any and all documents to consummate the sale. The Trustee further requests the Court to waive Rule 6004(h) requiring the stay on the order.

DATED: March 14, 2017

SHELLEY D. KROHN,
FEDERAL BANKRUPTCY TRUSTEE

1

DECLARATION OF TRUSTEE

2       I declare, under penalty of perjury, that the foregoing is true and correct, to the best of

3  my knowledge, information and belief.

4       DATED: March 14, 2017

5

6                    SHELLEY D. KROHN,
                         FEDERAL BANKRUPTCY TRUSTEE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1



# RESIDENTIAL PURCHASE AGREEMENT

(Joint Escrow Instructions and Earnest Money Receipt)

Date: _____ 09/08/16 _____

_____ Johnathon Ben Shalom _____ ("Buyer"), hereby offers to purchase
_2300  E SILVERADO RANCH BL, Unit 2131_ ("Property"),
within the city or unincorporated area of _____ LAS VEGAS _____ , County of _____ CLARK _____ ,
State of Nevada, Zip _____ 89123 _____ , A.P.N. # _177-23-817-287_ for the purchase price of $ ____ 70,000.00 ____
( _____ Seventy Thousand _____ dollars) ("Purchase Price") on the terms
and conditions contained herein:
BUYER ☐ does -OR- ☒ does not intend to occupy the Property as a residence.

## Buyer's Offer

**1. FINANCIAL TERMS & CONDITIONS:**

$ __1,000.00__  **A. EARNEST MONEY DEPOSIT ("EMD")** is ☒ presented with this offer -OR- ☐ _____

_(NOTE: It is a felony in the State of Nevada-punishable by up to four years in prison and a $5,000 fine-to write a check for which there are insufficient funds. NRS 193.130(2)(d).)_

$ __0.00__  **B. ADDITIONAL DEPOSIT** to be placed in escrow on or before (date) _____ . The additional deposit ☐ will -OR- ☐ will not be considered part of the EMD. (Any conditions on the additional deposit should be set forth in Section 27 herein.)

$ __0.00__  **C. THIS AGREEMENT IS CONTINGENT UPON BUYER QUALIFYING FOR A NEW LOAN ON THE FOLLOWING TERMS AND CONDITIONS:**
☐ Conventional, ☐ FHA, ☐ VA, ☐ Other (specify) _____ N/A _____ .
Interest: ☐ Fixed rate, _____ years -OR- ☐ Adjustable Rate, _____ years. Initial rate of interest not to exceed _____ %. Initial monthly payment not to exceed $ _____ , not including taxes, insurance and/or PMI or MIP.

$ __0.00__  **D. THIS AGREEMENT IS CONTINGENT UPON BUYER QUALIFYING TO ASSUME THE FOLLOWING EXISTING LOAN(S):**
☐ Conventional, ☐ FHA, ☐ VA, ☐ Other (specify) _____ N/A _____ .
Interest: ☐ Fixed rate, _____ years -OR- ☐ Adjustable Rate, _____ years. Initial rate of interest not to exceed _____ %. Monthly payment not to exceed $ _____ , not including taxes, insurance and/or PMI or MIP.

$ __0.00__  **E. BUYER TO EXECUTE A PROMISSORY NOTE SECURED BY DEED OF TRUST PER TERMS IN "FINANCING ADDENDUM."**

$ __69,000.00__  **F. BALANCE OF PURCHASE PRICE** (Balance of Down Payment) in Good Funds to be paid prior to Close of Escrow ("COE").

$ __70,000.00__  **G. TOTAL PURCHASE PRICE.** (This price DOES NOT include closing costs, prorations, or other fees and costs associated with the purchase of the Property as defined herein.)

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: _Johnathon Ben Shalom_  BUYER(S) INITIALS: _____ / _____

Property Address: _2300  E SILVERADO RANCH BL, Unit 2131_  SELLER(S) INITIALS: _____ / _____

Rev. 05/14  ©2014 Greater Las Vegas Association of REALTORS®  Page 1 of 12

1   **2.   ADDITIONAL FINANCIAL TERMS & CONTINGENCIES:**
2        **A.   NEW LOAN APPLICATION:** Within _____5_____ business days of Acceptance, Buyer agrees to (1) submit a
3   completed loan application to a lender of Buyer's choice and (2) furnish a preapproval letter to Seller based upon a standard
4   factual credit report and review of debt to income ratios. If Buyer fails to complete any of these conditions within the
5   applicable time frame, Seller reserves the right to terminate this Agreement. In such event, both parties agree to cancel the
6   escrow and return EMD to Buyer. Buyer
7   ☐ does -OR- ☒ does not
8   authorize lender to provide loan status updates to Seller's and Buyer's Brokers, as well as Escrow Officer. Buyer agrees to use
9   Buyer's best efforts to obtain financing under the terms and conditions outlined in this Agreement.
10
11        **B.   CASH PURCHASE:** Within _____N/A_____ business days of Acceptance, Buyer agrees to provide written evidence
12   from a bona fide financial institution of sufficient cash available to complete this purchase. If Buyer does not submit the
13   written evidence within the above period, Seller reserves the right to terminate this Agreement.
14
15        **C.   APPRAISAL:** If an appraisal is required as part of this agreement, or requested by Buyer, and if the
16   appraisal is less than the Purchase Price, the transaction will go forward if (1) Buyer, at Buyer's option, elects to pay the
17   difference and purchase the Property for the Purchase Price, or (2) Seller, at Seller's option, elects to adjust the Purchase Price
18   accordingly, such that the Purchase Price is equal to the appraisal. If neither option (1) or (2) is elected, then Parties may
19   renegotiate; if renegotiation is unsuccessful, then either Party may cancel this Agreement upon written notice, in which event
20   the EMD shall be returned to Buyer.
21
22   **3.   SALE OF OTHER PROPERTY:**
23   This Agreement
24        ☒ is not -OR-
25        ☐ is contingent upon the sale (and closing) of another property which address is
26   _____ .
27   Said Property
28        ☒ is currently listed
29        ☐ is not -OR- ☐ is
30   presently in escrow with _____N/A_____ .
31   Escrow Number: _____ . Proposed Closing Date: _____ .
32
33   When Buyer has accepted an offer on the sale of this other property, Buyer will promptly deliver a written notice of the sale to
34   Seller. If Buyer's escrow on this other property is terminated, abandoned, or does not close on time, this Agreement will
35   terminate without further notice unless the parties agree otherwise in writing. If Seller accepts a bona fide written offer from a
36   third party prior to Buyer's delivery of notice of acceptance of an offer on the sale of Buyer's property, Seller shall give Buyer
37   written notice of that fact. Within three (3) days of receipt of the notice, Buyer will waive the contingency of the sale and
38   closing of Buyer's other property, or this Agreement will terminate without further notice. In order to be effective, the waiver
39   of contingency must be accompanied by reasonable evidence that funds needed to close escrow will be available and Buyer's
40   ability to obtain financing is not contingent upon the sale and/or close of any other property.
41
42   **4.   FIXTURES AND PERSONAL PROPERTY:** The following items will be transferred, free of liens, with the sale of
43   the Property with no real value unless stated otherwise herein. Unless an item is covered under Section 7(E) of this Agreement,
44   all items are transferred in an "AS IS" condition.
45        **A.   All EXISTING** fixtures and fittings including, but not limited to: electrical, mechanical, lighting, plumbing
46        and heating fixtures, ceiling fan(s), fireplace insert(s), gas logs and grates, solar power system(s), built-in appliance(s),
47        window and door screens, awnings, shutters, window coverings, attached floor covering(s), television antenna(s),
48        satellite dishe(s), private integrated telephone systems, air coolers/conditioner(s), pool/spa equipment, garage door
49        opener(s)/remote control(s), mailbox, in-ground landscaping, trees/shrub(s), water softener(s), water purifiers, security
50        systems/alarm(s).
51
52        **B.** The following additional items of personal property: All appliances currently in the property which
53   includes, washer, dryer, refrigerator, stove, microwave and all ceiling fans.
54

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a
particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name:  Johnathon Ben Shalom                          BUYER(S) INITIALS: ___ / ___

Property Address:  2300  E SILVERADO RANCH BL, Unit 2131     SELLER(S) INITIALS: ___ / ___
Rev. 05/14                   ©2014 Greater Las Vegas Association of REALTORS®                Page 2 of 12

**5.   ESCROW:**

**A.   OPENING OF ESCROW:** The purchase of the Property shall be consummated through Escrow ("Escrow"). Opening of Escrow shall take place by the end of one (1) business day after execution of this Agreement ("Opening of Escrow"), at _____ **Seller's Choice** _____ title or escrow company ("Escrow Company" or "ESCROW HOLDER") with _____ **Seller's Choice** _____ ("Escrow Officer") (or such other escrow officer as Escrow Company may assign). Opening of Escrow shall occur upon Escrow Company's receipt of this fully accepted Agreement and receipt of the EMD (if applicable). ESCROW HOLDER is instructed to notify the Parties (through their respective Brokers) of the opening date and the Escrow Number.

**B.   EARNEST MONEY:** Upon Acceptance, Buyer's EMD as shown in Section 1(A), and 1(B) if applicable, of this Agreement, shall be deposited per the Earnest Money Receipt Notice and Instructions contained herein.

**C.   CLOSE OF ESCROW:** Close of Escrow ("COE") shall be on (date) _____ **09/30/16** _____ . If the designated date falls on a weekend or holiday, COE shall be the next business day.

**D.   IRS DISCLOSURE:** Seller is hereby made aware that there is a regulation which became effective January 1, 1987, that requires all ESCROW HOLDERS to complete a modified 1099 form, based upon specific information known only between parties in this transaction and the ESCROW HOLDER. Seller is also made aware that ESCROW HOLDER is required by federal law to provide this information to the Internal Revenue Service after COE in the manner prescribed by federal law.

**6.   TITLE INSURANCE:** This Purchase Agreement is contingent upon the Seller's ability to deliver, good and marketable title as evidenced by a policy of title insurance, naming Buyer as the insured in an amount equal to the purchase price, furnished by the title company identified in Section 5A. Said policy shall be in the form necessary to effectuate marketable title or its equivalent and shall be paid for as set forth in Section 7A.

**7.   PRORATIONS, FEES AND EXPENSES (Check appropriate box):**

**A.   TITLE AND ESCROW FEES:**

| TYPE | PAID BY SELLER | PAID BY BUYER | 50/50 | N/A |
|---|---|---|---|---|
| Escrow Fees: | ☐ | ☐ | ☒ | ☐ |
| Lender's Title Policy: | ☐ | ☐ | ☐ | ☒ |
| Owner's Title Policy: | ☐ | ☒ | ☐ | ☐ |
| Real Property Transfer Tax: | ☐ | ☐ | ☒ | ☐ |
| Trash Service Fees (to be paid current through COE): | ☐ | ☐ | ☒ | ☐ |
| Other: _____ | ☐ | ☐ | ☐ | ☒ |

**B.   PRORATIONS:**

| TYPE | PAID BY SELLER | PRORATE | N/A |
|---|---|---|---|
| CIC (Common Interest Community) Assessments: | ☐ | ☒ | ☐ |
| CIC Periodic Fees: | ☐ | ☐ | ☒ |
| SIDs / LIDs / Bonds / Assessments: | ☐ | ☐ | ☒ |
| Sewer Use Fees: | ☐ | ☒ | ☐ |
| Real Property Taxes: | ☐ | ☒ | ☐ |
| Other: _____ | ☐ | ☐ | ☒ |

All prorations will be based on a 30-day month and will be calculated as of COE. Prorations will be based upon figures available at closing. Any supplementals or adjustments that occur after COE will be handled by the parties outside of Escrow.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: __Johnathon Ben Shalom__          BUYER(S) INITIALS: _____ / _____

Property Address: __2300 E SILVERADO RANCH BL, Unit 2131__          SELLER(S) INITIALS: _____ / _____

Rev. 05/14                        ©2014 Greater Las Vegas Association of REALTORS®          Page 3 of 12

**C.  RELATED EXPENSES:**

| TYPE | PAID BY SELLER | PAID BY BUYER | 50/50 | WAIVED | N/A |
|------|:---:|:---:|:---:|:---:|:---:|
| Appraisal: | ☐ | ☐ | ☐ | ☒ | ☐ |
| CIC Capital Contribution: | ☐ | ☐ | ☐ | ☒ | ☐ |
| CIC Transfer Fees: | ☐ | ☒ | ☐ | ☐ | ☐ |
| CLUB Report ordered by Seller: | ☐ | ☐ | ☐ | ☐ | ☒ |
| Other: _____: | ☐ | ☐ | ☐ | ☐ | ☒ |

**D.  INSPECTIONS:** (See also Section 11): Acceptance of this offer is subject to the following reserved right. Buyer may have to buy the Property inspected and select the licensed contractors, certified building inspectors and/or other qualified professionals who will inspect the Property. Seller will ensure that necessary utilities (gas, power and water) are turned on and supplied to the Property within two (2) business days after execution of this Agreement, to remain on until COE. (It is strongly recommended that Buyer retain licensed Nevada professionals to conduct inspections.)

| TYPE | PAID BY SELLER | PAID BY BUYER | 50/50 | WAIVED | N/A |
|------|:---:|:---:|:---:|:---:|:---:|
| Energy Audit: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Fungal Contaminant Inspection: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Home Inspection: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Mechanical Inspection: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Oil Tank Inspection: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Pool/Spa Inspection: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Roof Inspection: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Septic Inspection (requires pumping): | ☐ | ☐ | ☐ | ☒ | ☐ |
| Septic Lid Removal: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Septic Pumping: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Soils Inspection: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Structural Inspection: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Survey _____ (type): | ☐ | ☐ | ☐ | ☒ | ☐ |
| Termite/Pest Inspection: | ☐ | ☐ | ☐ | ☒ | ☐ |
| Well Inspection (Quantity): | ☐ | ☐ | ☐ | ☒ | ☐ |
| Well Inspection (Quality): | ☐ | ☐ | ☐ | ☒ | ☐ |
| Wood-Burning Device/Chimney Inspection (includes cleaning): | ☐ | ☐ | ☐ | ☒ | ☐ |
| Other: _____ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Re-Inspections: | ☐ | ☐ | ☐ | ☒ | ☐ |

If any inspection is not completed and requested repairs are not delivered to Seller within the Due Diligence Period, Buyer is deemed to have waived the right to that inspection and Seller's liability for the cost of all repairs that inspection would have reasonably identified had it been conducted, except as otherwise provided by law. The foregoing expenses for inspections will be paid outside of Escrow unless the Parties present instructions to the contrary prior to COE (along with the applicable invoice).

**E.  CERTIFICATIONS:** Notwithstanding the elections below, in the event an inspection reveals problems with any of the foregoing, Buyer reserves the right to require a certification.

| TYPE | PAID BY SELLER | PAID BY BUYER | 50/50 | WAIVED |
|------|:---:|:---:|:---:|:---:|
| Fungal Contaminant: | ☐ | ☐ | ☐ | ☒ |
| Roof: | ☐ | ☐ | ☐ | ☒ |
| Septic: | ☐ | ☐ | ☐ | ☒ |
| Well: | ☐ | ☐ | ☐ | ☒ |
| Wood-Burning Device/Chimney Certification | ☐ | ☐ | ☐ | ☒ |
| Other: _____ | ☐ | ☐ | ☐ | ☒ |

The foregoing expenses for certifications will be paid outside of Escrow unless the Parties present instructions to the contrary

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name:  _Johnathon Ben Shalom_____    BUYER(S) INITIALS: ____ / ____

Property Address:  _2300  E SILVERADO RANCH BL, Unit 2131_    SELLER(S) INITIALS: ____ / ____

Rev. 05/14              ©2014 Greater Las Vegas Association of REALTORS®              Page 4 of 12

1   prior to COE (along with the applicable invoice). A certification is not a warranty.
2

3   **F.    SELLER'S ADDITIONAL COSTS AND LIMIT OF LIABILITY:** Seller agrees to pay a maximum
4 amount of $ _____0.00_____ to correct defects and/or requirements disclosed by inspection reports, appraisals,
5 and/or certifications. It is Buyer's responsibility to inspect the Property sufficiently as to satisfy Buyer's use. Buyer reserves
6 the right to request additional repairs, which may exceed the above-stated amount, based upon the Seller's Real Property
7 Disclosure or items which materially affect value or use of the Property revealed by an inspection, certification or appraisal.
8 Items of a general maintenance or cosmetic nature which do not materially affect value or use of the Property, which existed at
9 the time of Acceptance and which are not expressly addressed in this Agreement are deemed accepted by the Buyer, except as
10 otherwise provided in this section. The Brokers herein have no responsibility to assist in the payment of any repair, correction
11 or deferred maintenance on the Property which may have been revealed by the above inspections, agreed upon by the Buyer
12 and Seller or requested by one party.
13

14   **G.    LENDER AND CLOSING FEES:** In addition to Seller's expenses above, Seller will contribute
15 $ _____0.00_____ to Buyer's Lender's Fees and/or Buyer's Title and Escrow Fees ☐ including -OR- ☐ excluding
16 costs which Seller must pay pursuant to loan program requirements. Different loan types (e.g., FHA, VA, conventional) have
17 different appraisal and financing requirements, which will affect the parties' rights and costs under this Agreement.
18

19   **H.    HOME PROTECTION PLAN:** Buyer and Seller acknowledge that they have been made aware of Home
20 Protection Plans that provide coverage to Buyer after COE. Buyer ☐ waives -OR- ☒ requires a Home Protection Plan with
21 _____Fidelity National Home Warranty_____ . ☒ Seller -OR- ☐ Buyer will pay for the Home Protection
22 Plan at a price not to exceed $ _____600.00_____ . Buyer will order the Home Protection Plan. Neither Seller nor Brokers make
23 any representation as to the extent of coverage or deductibles of such plans. ESCROW HOLDER is not responsible for
24 ordering the Home Protection Plan.
25

26 **8.    TRANSFER OF TITLE:** Upon COE, Buyer shall tender to Seller the agreed upon Purchase Price, and Seller shall
27 tender to Buyer marketable title to the Property free of all encumbrances other than (1) current real property taxes,
28 (2) covenants, conditions and restrictions (CC&R's) and related restrictions, (3) zoning or master plan restrictions and public
29 utility easements; and (4) obligations assumed and encumbrances accepted by Buyer prior to COE. Buyer is advised the
30 Property may be reassessed after COE which may result in a real property tax increase or decrease.
31

32 **9.    COMMON-INTEREST COMMUNITIES:** If the Property is subject to a Common Interest Community ("CIC"),
33 Seller or his authorized agent shall request the CIC documents and certificate listed in NRS 116.4109 (collectively, the "resale
34 package") within two (2) business days of Acceptance and provide the same to Buyer within one (1) business day of Seller's
35 receipt thereof. Buyer may cancel this Agreement without penalty until midnight of the fifth (5th) calendar day following the
36 date of receipt of the resale package. If Buyer does not receive the resale package within fifteen (15) calendar days of
37 Acceptance, this Agreement may be cancelled in full by Buyer without penalty. If Buyer elects to cancel this Agreement
38 pursuant to this section, he must deliver, via hand delivery or prepaid U.S. mail, a written notice of cancellation to Seller or his
39 authorized agent identified in the Confirmation of Representation at the end of this Agreement. Upon such written cancellation,
40 Buyer shall promptly receive a refund of the EMD. The parties agree to execute any documents requested by ESCROW
41 HOLDER to facilitate the refund. If written cancellation is not received within the specified time period, the resale package
42 will be deemed approved. Seller shall pay all outstanding CIC fines or penalties at COE.
43

44 **10.  DISCLOSURES:** Within five (5) calendar days of Acceptance of this Agreement, Seller will provide the
45 following Disclosures and/or documents (each of which is incorporated herein by this reference). Check applicable boxes.

45 ☒ Construction Defect Claims Disclosure, if Seller has marked "Yes" to Paragraph 1(d) of the
47   Sellers Real Property Disclosure Form (NRS 40.688)

48 ☒ Fungal (Mold) Notice Form (not required by Nevada law)

49 ☐ Lead-Based Paint Disclosure and Acknowledgment, required if constructed before 1978 (24 CFR 745.113)

50 ☒ Pest Notice Form (not required by Nevada law)

51 ☐ Promissory Note and the most recent monthly statement of all loans to be assumed by Buyer

52 ☐ Open Range Disclosure (NRS 113.065)

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: __Johnathon Ben Shalom__    BUYER(S) INITIALS: _____ / _____

Property Address: __2300  E SILVERADO RANCH BL, Unit 2131__    SELLER(S) INITIALS: _____ / _____

Rev. 05/14     ©2014 Greater Las Vegas Association of REALTORS®     Page 5 of 12

1    ☒ Seller Real Property Disclosure Form (NRS 113.130)

2    ☐ Supplemental Property Information Form (not required by Nevada law)

3    ☐ Other (list) **N/A** _____ .

4

5    **A.** In addition, for **NEW CONSTRUCTION**, to the extent applicable, Seller will provide: Public Offering
6    Statement (NRS 116.4108); Electric Transmission Lines (NRS 119.1835); Public Services and Utilities (NRS 119.183); Initial
7    Purchaser Disclosure (NRS 113); Construction Recovery Fund (NRS 624); Gaming Corridors (NRS 113.070); Water/Sewage
8    (NRS 113.060); Impact Fees (NRS 278B.320); Surrounding Zoning Disclosure (NRS 113.070); FTC Insulation Disclosure (16
9    CFR 460.16); and Other: **N/A** _____ .

10

11    **B.** **AIRPORT NOISE:** Buyer hereby acknowledges the proximity of various overflight patterns, airports
12    (municipal, international, military and/or private) and helipads. Buyer also fully understands that existing and future noise
13    levels at this location, associated with existing and future airport operations, may affect the livability, value and suitability of
14    the Property for residential use. Buyer also understands that these airports have been at their present location for many years,
15    and that future demand and airport operations may increase significantly. For further information, contact your local
16    department of aviation or the Federal Aviation Administration.

17

18    **C.** **FEDERAL FAIR HOUSING COMPLIANCE AND DISCLOSURES:** All properties are offered without
19    regard to race, color, religion, sex, national origin, ancestry, handicap or familial status and any other current requirements of
20    federal or state fair housing law.

21

22    **11. BUYER'S DUE DILIGENCE:**

23

24    **A.** **DUE DILIGENCE PERIOD:** Buyer shall have _____5_____ calendar days from Acceptance to complete Buyer's
25    Due Diligence. Buyer shall ensure that all inspections and certifications are initiated in a timely manner as to complete the Due
26    Diligence in the time outlined herein. (If utilities are not supplied by the deadline referenced herein or if the disclosures are not
27    delivered to Buyer by the deadline referenced herein, then Buyer's Due Diligence Period will be extended by the same number
28    of calendar days that Seller delayed supplying the utilities or delivering the disclosures, whichever is longer.) During this
29    period Buyer shall have the exclusive right at Buyer's discretion to cancel this Agreement. In the event of such cancellation,
30    unless otherwise agreed herein, the EMD will be refunded to Buyer. If Buyer provides Seller with notice of objections, the
31    Due Diligence Period will be extended by the same number of calendar days that it takes Seller to respond in writing to
32    Buyer's objections. If Buyer fails to cancel this Agreement within the Due Diligence Period (as it may be extended), Buyer will
33    be deemed to have waived the right to cancel under this section.

34

35    **B.** **PROPERTY INSPECTION/CONDITION:** During the Due Diligence Period, Buyer shall take such
36    action as Buyer deems necessary to determine whether the Property is satisfactory to Buyer including, but not limited to,
37    whether the Property is insurable to Buyer's satisfaction, whether there are unsatisfactory conditions surrounding or otherwise
38    affecting the Property (such as location of flood zones, airport noise, noxious fumes or odors, environmental substances or
39    hazards, whether the Property is properly zoned, locality to freeways, railroads, places of worship, schools, etc.) or any other
40    concerns Buyer may have related to the Property. During such Period, Buyer shall have the right to have non-destructive
41    inspections of all structural, roofing, mechanical, electrical, plumbing, heating/air conditioning, water/well/septic, pool/spa,
42    survey, square footage, and any other property or systems, through licensed and bonded contractors or other qualified
43    professionals. Seller agrees to provide reasonable access to the Property to Buyer and Buyer's inspectors. Buyer agrees to
44    indemnify and hold Seller harmless with respect to any injuries suffered by Buyer or third parties present at Buyer's request
45    while on Seller's Property conducting such inspections, tests or walk-throughs. Buyer's indemnity shall not apply to any
46    injuries suffered by Buyer or third parties present at Buyer's request that are the result of an intentional tort, gross negligence
47    or any misconduct or omission by Seller, Seller's Agent or other third parties on the Property. Buyer is advised to consult with
48    appropriate professionals regarding neighborhood or Property conditions, including but not limited to: schools; proximity and
49    adequacy of law enforcement; proximity to commercial, industrial, or agricultural activities; crime statistics; fire protection;
50    other governmental services; existing and proposed transportation; construction and development; noise or odor from any
51    source; and other nuisances, hazards or circumstances. If Buyer cancels this Agreement due to a specific inspection report,
52    Buyer shall provide Seller at the time of cancellation with a copy of the report containing the name, address, and telephone
53    number of the inspector.

54

**Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.**

Buyer's Name:  **Johnathon Ben Shalom** _____  BUYER(S) INITIALS: _____ / _____

Property Address:  **2300  E SILVERADO RANCH BL, Unit 2131** _____  SELLER(S) INITIALS: _____ / _____

Rev. 05/14    ©2014 Greater Las Vegas Association of REALTORS®    Page 6 of 12

C. **PRELIMINARY TITLE REPORT:** Within ten (10) business days of Opening of Escrow, Title Company shall provide Buyer with a Preliminary Title Report ("PTR") to review, which must be approved or rejected within five (5) business days of receipt thereof. If Buyer does not object to the PTR within the period specified above, the PTR shall be deemed accepted. If Buyer makes an objection to any item(s) contained within the PTR, Seller shall have five (5) business days after receipt of objections to correct or address the objections. If, within the time specified, Seller fails to have each such exception removed or to correct each such other matter as aforesaid, Buyer shall have the option to: (a) terminate this Agreement by providing notice to Seller and Escrow Officer, entitling Buyer to a refund of the EMD or (b) elect to accept title to the Property as is. All title exceptions approved or deemed accepted are hereafter collectively referred to as the "Permitted Exceptions."

12. **WALK-THROUGH INSPECTION OF PROPERTY:** Buyer is entitled under this Agreement to a walk-through of the Property within _____5_____ calendar days prior to COE to ensure the Property and all major systems, appliances, heating/cooling, plumbing and electrical systems and mechanical fixtures are as stated in Seller's Real Property Disclosure Statement, and that the Property and improvements are in the same general condition as when this Agreement was signed by Seller and Buyer. To facilitate Buyer's walk-through, Seller is responsible for keeping all necessary utilities on. If any systems cannot be checked by Buyer on walk-through due to non-access or no power/gas/water, then Buyer reserves the right to hold Seller responsible for defects which could not be detected on walk-through because of lack of such access or power/gas/water. The purpose of the walk-through is to confirm (a) the Property is being maintained (b) repairs, if any, have been completed as agreed, and (c) Seller has complied with Seller's other obligations. If Buyer elects not to conduct a walk-through inspection prior to COE, then all systems, items and aspects of the Property are deemed satisfactory, and Buyer releases Seller's liability for costs of any repair that would have reasonably been identified by a walk-through inspection, except as otherwise provided by law.

13. **DELIVERY OF POSSESSION:** Seller shall deliver the Property along with any keys, alarm codes, garage door opener/controls and, if freely transferable, parking permits and gate transponders outside of Escrow, upon COE. Seller agrees to vacate the Property and leave the Property in a neat and orderly, broom-clean condition and tender possession no later than ☒ COE -OR- ☐ _____ . In the event Seller does not vacate the Property by this time, Seller shall be considered a trespasser and shall be liable to Buyer for the sum of $ _____100.00_____ per calendar day in addition to Buyer's legal and equitable remedies. Any personal property left on the Property after the date indicated in this section shall be considered abandoned by Seller.

14. **RISK OF LOSS:** Risk of loss shall be governed by NRS 113.040. This law provides generally that if all or any material part of the Property is destroyed before transfer of legal title or possession, Seller cannot enforce the Agreement and Buyer is entitled to recover any portion of the sale price paid. If legal title or possession has transferred, risk of loss shall shift to Buyer.

15. **ASSIGNMENT OF THIS AGREEMENT:** Unless otherwise stated herein, this Agreement is non-assignable by Buyer.

16. **CANCELLATION OF AGREEMENT:** In the event this Agreement is properly cancelled in accordance with the terms contained herein, then Buyer will be entitled to a refund of the EMD. Neither Buyer nor Seller will be reimbursed for any expenses incurred in conjunction with due diligence, inspections, appraisals or any other matters pertaining to this transaction (unless otherwise provided herein).

17. **DEFAULT:**

   A. **MEDIATION:** Before any legal action is taken to enforce any term or condition under this Agreement, the parties agree to engage in mediation, a dispute resolution process, through GLVAR. Notwithstanding the foregoing, in the event the Buyer finds it necessary to file a claim for specific performance, this section shall not apply. Because each party is giving up a right, each party is encouraged to have an independent lawyer of their choice review this mediation provision before agreeing thereto. By initialing below, the parties confirm that they have read and understood this section and voluntarily agree to the provisions thereof.
   BUYER(S) INITIALS: [ _JBS_ ] SELLER(S) INITIALS:[ _SSL_ ]

   B. **IF SELLER DEFAULTS:** If Seller defaults in performance under this Agreement, Buyer reserves all legal and/or equitable rights (such as specific performance) against Seller, and Buyer may seek to recover Buyer's actual

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: __Johnathon Ben Shalom__                                    BUYER(S) INITIALS: ___/___

Property Address: __2300  E SILVERADO RANCH BL, Unit 2131__           SELLER(S) INITIALS: ___/___

damages incurred by Buyer due to Seller's default.

C.   IF BUYER DEFAULTS: If Buyer defaults in performance under this Agreement, Seller shall have one of the following legal recourses against Buyer (initial one only):

[ _____ ] [ _____ ] As Seller's sole legal recourse, Seller may retain, as liquidated damages, the EMD. In this respect, the Parties agree that Seller's actual damages would be difficult to measure and that the EMD is in fact a reasonable estimate of the damages that Seller would suffer as a result of Buyer's default. Seller understands that any additional deposit not considered part of the EMD in Section 1(B) herein will be immediately released by ESCROW HOLDER to Buyer.

-OR-

[ _____ ] [ _____ ] Seller shall have the right to recover from Buyer all of Seller's actual damages that Seller may suffer as a result of Buyer's default including, but not limited to, commissions due, expenses incurred until the Property is sold to a third party and the difference in the sales price.

## Instructions to Escrow

18.   ESCROW: If this Agreement or any matter relating hereto shall become the subject of any litigation or controversy, Buyer and Seller agree, jointly and severally, to hold ESCROW HOLDER free and harmless from any loss or expense, except losses or expenses as may arise from ESCROW HOLDER'S negligence or willful misconduct. If conflicting demands are made or notices served upon ESCROW HOLDER with respect to this Agreement, the parties expressly agree that Escrow is entitled to file a suit in interpleader and obtain an order from the Court authorizing ESCROW HOLDER to deposit all such documents and monies with the Court, and obtain an order from the Court requiring the parties to interplead and litigate their several claims and rights among themselves. Upon the entry of an order authorizing such Interpleader, ESCROW HOLDER shall be fully released and discharged from any obligations imposed upon it by this Agreement; and ESCROW HOLDER shall not be liable for the sufficiency or correctness as to form, manner, execution or validity of any instrument deposited with it, nor as to the identity, authority or rights of any person executing such instrument, nor for failure of Buyer or Seller to comply with any of the provisions of any agreement, contract or other instrument filed with ESCROW HOLDER or referred to herein. ESCROW HOLDER'S duties hereunder shall be limited to the safekeeping of all monies, instruments or other documents received by it as ESCROW HOLDER, and for their disposition in accordance with the terms of this Agreement. In the event an action is instituted in connection with this escrow, in which ESCROW HOLDER is named as a party or is otherwise compelled to make an appearance, all costs, expenses, attorney fees, and judgments ESCROW HOLDER may expend or incur in said action, shall be the responsibility of the parties hereto.

19.   UNCLAIMED FUNDS: In the event that funds from this transaction remain in an account, held by ESCROW HOLDER, for such a period of time that they are deemed "abandoned" under the provisions of Chapter 120A of the Nevada Revised Statutes, ESCROW HOLDER is hereby authorized to impose a charge upon the dormant escrow account. Said charge shall be no less than $5.00 per month and may not exceed the highest rate of charge permitted by statute or regulation. ESCROW HOLDER is further authorized and directed to deduct the charge from the dormant escrow account for as long as the funds are held by ESCROW HOLDER.

## Brokers

20.   BROKER FEES: Buyer herein requires, and Seller agrees, as a condition of this Agreement, that Seller will pay Listing Broker and Buyer's Broker, who becomes by this clause a third party beneficiary to this Agreement, that certain sum and/or percentage of the Purchase Price (commission), that Seller, or Seller's Broker, offered for the procurement of ready, willing and able Buyer via the Multiple Listing Service, any other advertisement or written offer. Seller understands and agrees that if Seller defaults hereunder, Buyer's Broker, as a third-party beneficiary of this Agreement, has the right to pursue all legal recourse against Seller for any commission due. In addition to any amount due to Buyer's Broker from Seller or Seller's Broker, Buyer ☒ will -OR- ☐ will not pay Buyer's Broker additional compensation in an amount determined between the Buyer and Buyer's Broker.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: __Johnathon Ben Shalom_____   BUYER(S) INITIALS: _____ / _____

Property Address: __2300  E SILVERADO RANCH BL, Unit 2131_____   SELLER(S) INITIALS: _____ / _____

Rev. 05/14                    ©2014 Greater Las Vegas Association of REALTORS®                    Page 8 of 12

21.    **WAIVER OF CLAIMS:** Buyer and Seller agree that they are not relying upon any representations made by Brokers or Broker's agent. Buyer acknowledges that at COE, the Property will be sold AS-IS, WHERE-IS without any representations or warranties, unless expressly stated herein. Buyer agrees to satisfy himself, as to the condition of the Property, prior to COE. Buyer acknowledges that any statements of acreage or square footage by Brokers are simply estimates, and Buyer agrees to make such measurements, as Buyer deems necessary, to ascertain actual acreage or square footage. Buyer waives all claims against Brokers or their agents for (a) defects in the Property; (b) inaccurate estimates of acreage or square footage; (c) environmental waste or hazards on the Property; (d) the fact that the Property may be in a flood zone; (e) the Property's proximity to freeways, airports or other nuisances; (f) the zoning of the Property; (g) tax consequences; or (h) factors related to Buyer's failure to conduct walk-throughs or inspections. Buyer assumes full responsibility for the foregoing and agrees to conduct such tests, walk-throughs, inspections and research, as Buyer deems necessary. In any event, Broker's liability is limited, under any and all circumstances, to the amount of that Broker's commission/fee received in this transaction.

## Other Matters

22.    **DEFINITIONS:** "Acceptance" means the date that both parties have consented to and received a final, binding contract by affixing their signatures to this Agreement and all counteroffers. "Agent" means a licensee working under a Broker or licensees working under a developer. "Agreement" includes this document as well as all accepted counteroffers and addenda. "Bona Fide" means genuine. "Buyer" means one or more individuals or the entity that intends to purchase the Property. "Broker" means the Nevada licensed real estate broker listed herein representing Seller and/or Buyer (and all real estate agents associated therewith). "Business Day" excludes Saturdays, Sundays, and legal holidays. "Calendar Day" means a calendar day from/to midnight unless otherwise specified. "CFR" means the Code of Federal Regulations. "CIC" means Common Interest Community (formerly known as "HOA" or homeowners associations). "CIC Capital Contribution" means a one-time non-administrative fee, cost or assessment charged by the CIC upon change of ownership. "CIC Transfer Fees" means the administrative service fee charged by a CIC to transfer ownership records. "CLUE" means Comprehensive Loss Underwriting Exchange. "Close of Escrow (COE)" means the time of recordation of the deed in Buyer's name. "Default" means the failure of a Party to observe or perform any of its material obligations under this Agreement. "Delivered" means personally delivered to Parties or respective Agents, transmitted by facsimile machine, electronic means, overnight delivery, or mailed by regular mail. "Down Payment" is the Purchase Price less loan amount(s). "EMD" means Buyer's earnest money deposit. "Escrow Holder" means the neutral party that will handle the escrow. "FHA" is the U.S. Federal Housing Administration. "GLVAR" means the Greater Las Vegas Association of REALTORS®. "Good Funds" means an acceptable form of payment determined by ESCROW HOLDER in accordance with NRS 645A.171. "IRC" means the Internal Revenue Code (tax code). "LID" means Limited Improvement District. "N/A" means not applicable. "NAC" means Nevada Administrative Code. "NRS" means Nevada Revised Statues as Amended. "Party" or "Parties" means Buyer and Seller. "PITI" means principal, interest, taxes, and hazard insurance. "PMI" means private mortgage insurance. "PST" means Pacific Standard Time, and includes daylight savings time if in effect on the date specified. "PTR" means Preliminary Title Report. "Property" means the real property and any personal property included in the sale as provided herein. "Receipt" means delivery to the party or the party's agent. "Seller" means one or more individuals or the entity that is the owner of the Property. "SID" means Special Improvement District. "Title Company" means the company that will provide title insurance. "USC" is the United States Code. "VA" is the Veterans Administration.

23.    SIGNATURES, DELIVERY, AND NOTICES:

A.    This Agreement may be signed by the parties on more than one copy, which, when taken together, each signed copy shall be read as one complete form. This Agreement (and documents related to any resulting transaction) may be signed by the parties manually or digitally. Facsimile signatures may be accepted as original.

B.    Delivery of all instruments or documents associated with this Agreement shall be delivered to the Agent for Seller or Buyer if represented.

C.    Except as otherwise provided in Section 9, when a Party wishes to provide notice as required in this Agreement, such notice shall be sent regular mail, personal delivery, by facsimile, overnight delivery and/or by email to the Agent for that Party. The notification shall be effective when postmarked, received, faxed, delivery confirmed, and/or read receipt confirmed in the case of email. Any cancellation notice shall be contemporaneously faxed to Escrow.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name:  Johnathon Ben Shalom                    BUYER(S) INITIALS: _____ / _____

Property Address:  2300  E SILVERADO RANCH BL, Unit 2131          SELLER(S) INITIALS _____ / _____

Rev. 05/14                              ©2014 Greater Las Vegas Association of REALTORS®              Page 9 of 12

**24.  IRC 1031 EXCHANGE:** Seller and/or Buyer may make this transaction part of an IRC 1031 exchange. The party electing to make this transaction part of an IRC 1031 exchange will pay all additional expenses associated therewith, at no cost to the other party. The other party agrees to execute any and all documents necessary to effectuate such an exchange.

**25.  OTHER ESSENTIAL TERMS:** Time is of the essence. No change, modification or amendment of this Agreement shall be valid or binding unless such change, modification or amendment shall be in writing and signed by each party. This Agreement will be binding upon the heirs, beneficiaries and devisees of the parties hereto. This Agreement is executed and intended to be performed in the State of Nevada, and the laws of that state shall govern its interpretation and effect. The parties agree that the county and state in which the Property is located is the appropriate forum for any action relating to this Agreement. Should any party hereto retain counsel for the purpose of initiating litigation to enforce or prevent the breach of any provision hereof, or for any other judicial remedy, then the prevailing party shall be entitled to be reimbursed by the losing party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys fees and costs incurred by such prevailing party.

**THIS IS A LEGALLY BINDING CONTRACT.** All parties are advised to seek independent legal and tax advice to review the terms of this Agreement.

**NO REAL ESTATE BROKER/AGENT MAY SIGN FOR A PARTY TO THIS AGREEMENT UNLESS THE BROKER OR AGENT HAS A PROPERLY EXECUTED POWER OF ATTORNEY TO DO SO.**

**THIS FORM HAS BEEN APPROVED BY THE GREATER LAS VEGAS ASSOCIATION OF REALTORS® (GLVAR). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

This form is available for use by the real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

**26.  ADDENDUM(S) ATTACHED:** _____

_____

_____

**27.  ADDITIONAL TERMS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: __Johnathon Ben Shalom_____    BUYER(S) INITIALS: _____ / _____

Property Address: __2300  E SILVERADO RANCH BL, Unit 2131_____    SELLER(S) INITIALS: _____ / _____

Rev. 05/14                    ©2014 Greater Las Vegas Association of REALTORS®               Page 10 of 12

## Earnest Money Receipt

BUYER'S AGENT ACKNOWLEDGES RECEIPT FROM BUYER HEREIN of the sum of $ _____ 1,000.00 _____
evidenced by ☐ Cash,  ☐ Cashier's Check, ☒ Personal Check, or ☐ Other _____
payable to _____ Title Company _____ . Upon Acceptance, Earnest Money to be deposited within ONE (1) business
day, with ☒ Escrow Holder, ☐ Buyer's Broker's Trust Account, - OR - ☐ Seller's Broker's Trust Account.

Date: 9/8/16    Signed: _____    Buyer's Agent: _____ Magdi Boutros _____

## Buyer's Acknowledgement of Offer

Confirmation of Representation: The Buyer is represented in this transaction by:

Buyer's Broker: _____ Mike Hafen _____    Agent's Name: _____ Magdi Boutros _____
Company Name: _____ Prominent Realty Group LLC _____    Agent's Public ID: _____ 097174 _____
Phone: _____ 702-538-9553 _____    Office Address: 8540 S Eastern Ave #220
Email: _____ magdiboutros@aol.com _____    City, State, Zip: _____ Las Vegas _____ NV _ 89123
Fax: _____ 702-562-1254 _____

BUYER LICENSEE DISCLOSURE OF INTEREST: Pursuant to NRS 645.252(1)(c), a real estate licensee must disclose if
he/she is a principal in a transaction or has an interest in a principal to the transaction.
_____ N/A _____ is a licensed real estate agent in the State(s) of _____ N/A _____ , and has the following
interest, direct or indirect, in this transaction: ☐ Principal (Buyer) -OR- ☐ family or firm relationship with Buyer or ownership
interest in Buyer (if Buyer is an entity): (specify relationship) _____ N/A _____ .

Seller must respond by: _5:00_ ( ☐ AM/☒ PM ) on (month) _____ September _____ , (day) ___ 16 ___ , (year) 2016 . Unless this
Agreement is accepted, rejected or countered below and delivered to the Buyer's Broker before the above date and
time, this offer shall lapse and be of no further force and effect.

Upon Acceptance, Buyer agrees to be bound by each provision of this Agreement, and all signed addenda, disclosures, and
attachments.

_____ Johnathon Ben Shalom _____    09/08/2016   2:00 ☐ AM ☒ PM
Buyer's Signature            Buyer's Printed Name            Date        Time

_____    _____    _____   _____ ☐ AM ☐ PM
Buyer's Signature            Buyer's Printed Name            Date        Time

## Seller's Response

Confirmation of Representation: The Seller is represented in this transaction by:

Seller's Broker: _____ Lisa Lucas _____    Agent's Name: _____ Lisa Lucas _____
Company Name: _____ Value Brokerage & Services Rea _____    Office Address: 8350 W Sahara Ave #290
Phone: _____ 702-227-4777 _____    City, State, Zip: _____ Las Vegas _____ NV _ 89117
Email: _____ lisaklucas@aol.com _____    Fax: _____ 702-586-9275 _____

SELLER LICENSEE DISCLOSURE OF INTEREST: Pursuant to NRS 645.252(1)(c), a real estate licensee must disclose
if he/she is a principal in a transaction or has an interest in a principal to the transaction. _____
_____ is a licensed real estate agent in the State(s) of _____ , and has the following interest,

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a
particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: _ Johnathon Ben Shalom _    BUYER(S) INITIALS: ____ / ____

Property Address: _2300  E SILVERADO RANCH BL, Unit 2131_    SELLER(S) INITIALS: ____ / ____
Rev. 05/14            ©2014 Greater Las Vegas Association of REALTORS®            Page 11 of 12

1 direct or indirect, in this transaction: ☐ Principal (Seller) -OR- ☐ family or firm relationship with Seller or ownership interest
2 in Seller (if Seller is an entity): (specify relationship) _____ .
3
4
5 FIRPTA: If applicable (as designated in the Seller's Response herein), Seller agrees to complete, sign, and deliver to
6 ESCROW HOLDER a certificate indicating whether Seller is a foreign person or a nonresident alien pursuant to the Foreign
7 Investment in Real Property Tax Act (FIRPTA). A foreign person is a nonresident alien individual; a foreign corporation not
8 treated as a domestic corporation; or a foreign partnership, trust or estate. A resident alien is not considered a foreign person
9 under FIRPTA. Additional information for determining status may be found at www.irs.gov. Buyer and Seller understand that
10 if Seller is a foreign person then the Buyer must withhold a tax in an amount to be determined by ESCROW HOLDER in
11 accordance with FIRPTA, unless an exemption applies. Seller agrees to sign and deliver to the ESCROW HOLDER the
12 necessary documents, to be provided by the ESCROW HOLDER, to determine if withholding is required. (See 26 USC
13 Section 1445).
14
15 FIRPTA DECLARATION: Pursuant to Section S.E. herein, Seller declares that he/she
16 ☒ is not -OR-
17 ☐ is a foreign person therefore subjecting this transaction to FIRPTA withholding.
18                                                                  SELLER(S) INITIALS: _____ / _____
19
20 ☐ ACCEPTANCE: Seller(s) acknowledges that he/she accepts and agrees to be bound by each provision of this Agreement, and
21 all signed addenda, disclosures, and attachments.
22
23 ☒ COUNTER OFFER: Seller accepts the terms of this Agreement subject to the attached Counter Offer #1.
24
25 ☐ REJECTION: In accordance with NAC 645.632, Seller hereby informs Buyer the offer presented herein is not accepted.
26
27
28 _____    SHELLEY D. KROHN         9/12/16   2:15  ☐ AM ☒ PM
29 Seller's Signature               Seller's Printed Name          Date      Time
30                                 FEDERAL BANKRUPTCY
31                                 TRUSTEE
32 _____    _____  _____  _____  ☐ AM ☐ PM
33 Seller's Signature               Seller's Printed Name          Date      Time

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a
particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name:  Johnathon Ben Shalom _____         BUYER(S) INITIALS: _____ / _____

Property Address:  2300  E SILVERADO RANCH BL, Unit 2131 _____  SELLER(S) INITIALS: _____ / _____
Rev. 05/14                    ©2014 Greater Las Vegas Association of REALTORS®           Page 12 of 12



# ADDENDUM NO. ___1___
## TO PURCHASE AGREEMENT

In reference to the Purchase Agreement executed by _____ Johnathon Ben Shalom _____
_____ as Buyer(s) and Shelley D. Krohn, Federal Bankruptcy Trustee
_____ as Seller(s), dated _____ 09/08/16 _____
covering the real property at 2300 E. Silverado Ranch Blvd. Unit 2131 Las Vegas NV. 89123 NV 89044
_____ , the ☐ Buyer ☒ Seller hereby proposes that the Purchase
Agreement be amended as follows:

1.) Buyer acknowledges that this property is subject to Short Sale Lender Approval &
Bankruptcy Court Approval of the sale & terms. This property is subject to overbidding at the
hearing for the approval of the sale. All parties related to the Bankruptcy Estate are put on
30 days notice prior to the hearing. It is the Judges decision of which purchase agreement is
selected and approved by the Order to Sell. Buyer is encouraged to attend & may out bid any
potential bidders at the hearing.

2.) Buyer will pay a Bankruptcy Release Fee of $5,000 or 3% of the final purchase price
whichever is higher as a Bankruptcy Release Fee at the close escrow.

3.) Buyer acknowledges that the property is sold "AS IS" absolutely no repairs will be
authorized.

4.) Earnest money will be equal to the amount requested in MLS unless a higher amount is
offered. Upon acceptance earnest money will be deposited with Chicago Title in the form of a
cashier's check or bank wire within 24 hours of acceptance.

5.) Escrow will be opened with Heidi Reichert of Chicago Title. Phone: 702-940-0200 or
email:hreichert@ctt.com.

6.) Pursuant to NRS 116.401 the seller in this transaction is exempt from providing the HOA
Resale Package as this is a court ordered sale. Buyer will be solely responsible for any
fees related to the resale package, capital contributions and transfers fees, if applicable
to the transaction.

☒ ADDITIONAL PAGE(S) ATTACHED. This Addendum is not complete without the
additional terms on the attached ___1___ page(s).

When executed by both parties, this Addendum is made an integral part of the aforementioned
Purchase Agreement.

WHEN PROPERLY COMPLETED, THIS IS A BINDING CONTRACT. IF YOU DO NOT
FULLY UNDERSTAND ITS CONTENTS, YOU SHOULD SEEK COMPETENT LEGAL
COUNSEL BEFORE SIGNING.

☐ Buyer ☒ Seller Shelley D Krohn, Federal Bankruptcy Trustee          9/12/16
Date

_____          2:15pm
☐ Buyer ☐ Seller                     Time

Acceptance:

☒ Buyer ☐ Seller Johnathon Ben Shalom          9/14/16
Date

_____          2:00 p.m.
☐ Buyer ☐ Seller                     Time

Prepared by: Lisa K. Lucas          702-545-0957
   Agent's Printed Name          Phone
Addendum to Purchase Agreement 9/12          © 2012 Greater Las Vegas Association of REALTORS®
   This form presented by Lisa K Lucas | Value Brokerage & Services Rea | 702-227-4777 | lisaklucas@aol.com          instanetFORMS



# ADDENDUM NO. ____1____ TO PURCHASE AGREEMENT
## ADDITIONAL PAGE

2300   s. Silverado Ranch Blvd. Unit 2131  Las Vegas NV. 89123  NV   89044
### Property Address

**Note: This document is not valid without the first page of the Addendum to Purchase Agreement which includes the Property Address, parties' names and signature blocks.**

7.) Buyer may cancel the Residential Purchase Agreement for any reason without penalty anytime after 120 days from acceptance, if Short Sale Lender Approval has not been received.

8.) Upon Bankruptcy Court Approval of sale, buyer agrees to close escrow as per Federal Bankruptcy Trustee instruction.

9.) Section 10.A & B; Buyer Due Diligence Period. Buyer shall be responsible for connecting utilities to perform inspections requested as part of the due diligence period. Buyer shall use this period to satisfy themselves of all mechanical, structural, functional related concerns regarding the property. Buyer shall have the same amount of time to obtain, review & satisfy themselves of any association rules, regulations & fees, if applicable.  Buyer shall release CIC contingency within 10 days of Short Sale Lender Approval, if applicable.

10.)Section 12; Walk Through Inspection of Property; Buyer shall be responsible for the connection of utilities to perform the final walk through pursuant to the Residential Purchase Agreement.

11.) Buyer acknowledges that the seller may not have access to garage remotes, mail box keys or access related keys to property.  Seller will tendered any items available at the close of escrow but shall not be liable to provide items not in his/her possession.

12.) Buyer shall immediately disclose if he/she is related to the debtor. Buyer understands that most lenders require an Arm's Length Disclosure, and some lenders will not allow a family relation to purchase a property in which a related debtor may have interest.

13.) Property must be purchased in an individual name or LLC. Offers in the name of a corporation, trust or partnership are not acceptable.

14.) Seller will not pay for Appraisal and/or Home Warranty.

15.) Buyer is aware it may take up to 10 days to receive a response from the Federal Bankruptcy Trustee.

16.) Buyer understands and agrees that this addendum shall take precedence where any terms conflict with the original Residential Purchase Agreement.

Seller Initials: [____] [____]

Buyer Initials: [____] [____]

© 2013 Greater Las Vegas Association of REALTORS®

Additional Page to Addendum Rev. 02/13

# ADDENDUM NO. ___2___
## TO PURCHASE AGREEMENT



In reference to the Purchase Agreement executed by _____ Johnathon Ben Shalom _____
_____ as Buyer(s) and Shelley D. Krohn, Federal Bankruptcy Trustee
____ Shelley D. Krohn, Federal Bankruptcy Trustee as Seller(s), dated _____ 09/12/16 _____
covering the real property at __2300 N Silverado Ranch Bl, Unit 2131 ____ LASVEGAS ___ NV ___ 89123___
_____, the ☐ Buyer ☐ Seller hereby proposes that the Purchase
Agreement be amended as follows:

RPA & Counter #1, Addendum #1, shall be subject to Addendum #2. After
buyer reviewing the property, buyer offer to purchase the property shall
be adjusted from $70,000 to $67,000. All other terms and conditions per
Addendum #1, Counter #1 and original Purchase Agreement shall remain the
same.

☐ **ADDITIONAL PAGE(S) ATTACHED. This Addendum is not complete without the**
additional terms on the attached _____ page(s).

When executed by both parties, this Addendum is made an integral part of the aforementioned
Purchase Agreement.

**WHEN PROPERLY COMPLETED, THIS IS A BINDING CONTRACT. IF YOU DO NOT
FULLY UNDERSTAND ITS CONTENTS, YOU SHOULD SEEK COMPETENT LEGAL
COUNSEL BEFORE SIGNING.**

☒ Buyer ☐ Seller Jonathan Ben Shalom          09/21/2016
                                               Date

☐ Buyer ☐ Seller                              10:15 a.m.
                                               Time

Acceptance:

☐ Buyer ☐ Seller                              Date

☐ Buyer ☐ Seller                              Time

Prepared by: Magdi Boutros                    702-683-4635
            **Agent's Printed Name**          **Phone**

Addendum to Purchase Agreement 9/12              © 2012 Greater Las Vegas Association of REALTORS®

This form presented by Magdi Boutros | Prominent Realty Group LLC | 702-683-4635 | magdiboutros@aol.com    InstanetFORMS



# COUNTER OFFER
## NO. _____1_____

**ATTENTION:** _____Magdi Boutros_____    **COMPANY:** _____Prominent Realty Group, LLC._____
                (Agent)                                         (Name)

The [X] Offer [ ] Counter Offer made by: [ ] Seller [X] Buyer _____Johnathon Ben Shalom_____
                                                             (Name)

to [X] Buy [ ] Sell the real property commonly known as: 2300 E. Silverado Ranch Blvd. Unit 2131 Las Vegas NV. 89123
dated: _____September 8th, 2016_____ is not accepted in its present form, but the following Counter Offer
is hereby submitted:

RPA & Counter Offer #1 shall be subject to Addendum #1, pages 1 & 2. Sec. 2 ADDITIONAL
FINANCIAL TERMS & CONTINGENCIES: RPA is not contingent upon Buyer making loan application.
This is a "CASH" transaction. Sec.4B FIXTURES & PERSONAL PROPERTY: Personal property in unit
at the close of escrow will be conveyed with property. Federal Trustee has no knowledge of
what appliances or fixtures are in property. Buyer to use due diligence to satisfy themselves
of personal property. Sec.7H is rejected. Sec.10 DISCLOSURES: Federal Trustee will provide
requested disclosures but they will all be marked "Unknown" as Federal Trustee has no
knowledge of the condition of the property. Sec.13 DELIVERY: The sum of $100 per calendar day
is rejected.

[ ] **ADDITIONAL PAGE(S) ATTACHED. This Counter Offer is not complete without the additional
additional terms on the attached _____ page(s).**

**OTHER TERMS:** All other terms to remain the same as original Residential Purchase Agreement plus terms
agreed to in Counter Offer(s) No. _____1_____ .
**EXPIRATION:** [X] Buyer [ ] Seller must respond by: __5__ [ ] AM [X] PM on (month)__September__ ,
(day) __14th__ , (year) __2016__ . Unless this Counter Offer is accepted by execution below
and delivered to the [ ] Buyer's [ ] Seller's Broker before the above date and time, this Counter Offer shall
lapse and be of no further force and effect.

Date: __9/12/16__      _[signature]_
                             [ ] Buyer [X] Seller Shelley D. Krohn, Federal Bankruptcy Trustee   Signature

Time: __2:15 pm__                         [ ] Buyer [ ] Seller                       Signature

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The undersigned [X] Buyer [ ] Seller hereby:
[✓] accepts the Counter Offer;
_____ accepts the terms of this Counter Offer subject to the attached Counter Offer No. _____ ; or
_____ rejects the Counter Offer.

Date: __9/14/16__      _Jonathan Ben Shalom [signature]_
                             [X] Buyer [ ] Seller Johnathon Ben Shalom         Signature

Time: _____                              [ ] Buyer [ ] Seller                       Signature

Counter Offer Rev. 5/12                                      © 2012 Greater Las Vegas Association of REALTORS®

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 - 2936

---

02/09/2017                                                                                           Loan Number: 7191030647

Jesus Reyes
7918 Winтом Ct
Las Vegas, NV 89139-0151

Property Address: 2300 E Sil Rnch Blvd Unit 2131
Las Vegas, NV 89183-3977

Requestor Fax Number: 8887551401
Requestor Email Address: Lbarton@bkgres.com

Customer Name: Jesus Reyes
Piedad Reyes

### THIS IS YOUR DISCOUNT PAYOFF AGREEMENT
#### PLEASE SEND THE REQUIRED DOCUMENTS AND FUNDS BY 03/27/2017

Dear Customer(s),



**Why We Are
Contacting You**

Ocwen Loan Servicing, LLC, ("Ocwen"), acting on behalf of U.S. BANK NATIONAL ASSOCIATION, as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-4N ("Investor"), has approved a discounted payoff on the above referenced loan in the amount of $59,523.65 ("Payoff Amount") and subject to the conditions set forth herein, an assistance payment to the borrower of $0.00 ("Assistance Payment").



**What You
Need To Do**

See Conditions of the offer next page. Follow the detailed steps listed on the following page, on or before 03/27/2017:

1. Sign and Return all documents listed below:
   a. Fax to (407) 737-5071 or
   b. Email to SS@ocwen.com
2. Wire Transfer the full amount of the Approved Payoff
3. Mail All pages of the original, signed Promissory Note - applicable where a Promissory Note is required for payoff.

**What We
Will Do**

This discounted payoff option expires on 03/27/2017 (the "Expiration Date").

If you do not comply with the terms described below on or before such expiration date, this payoff option offer will no longer be available to you.

---

NMLS # 1852                                                                                           DISC_PLS_VAEFM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Page 1 of 11



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners Is What We Do!* ℠

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

Jeanine Boirard has been assigned as your relationship manager and will be your designated representative for resolution inquiries and submission of documents.

If you have any questions, please contact your Relationship Manager Jeanine Boirard toll-free at (800) 746-2936, Monday through Friday 8 am to 9 pm, Saturday 8 am to 5 pm and Sunday 9 am to 9 pm ET.

Sincerely,
Loan Servicing

NMLS # 1852                                                                                                     DISC_PLS_VAEFM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ℠

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 - 2936

---

**To accept the discounted payoff, you must adhere to the following prior to the Expiration Date:**

1. There are no payments allowable to any Junior Liens.

2. The Maximum Allowable Real Estate Commission is 6.00%.

3. If you require an approval to the final Settlement / Closing Disclosure Statement before closing, you must email a copy at least 48 hours in advance to finalhudapproval@ocwen.com.

4. Under some circumstances, you may be required to execute a promissory note as a condition of accepting the Payoff Amount. You have agreed to sign a promissory note in the amount of $0.00, the full amount of which shall be applied to reduce any deficiency balance you owe Ocwen on your home loan account.

5. After receipt of the entire Payoff Amount, any funds held in the Borrower's escrow/suspense account and/or insurance claim proceeds relating to the Loan shall be 1) released by Borrower(s) to Ocwen, 2) considered the property of Ocwen, and 3) applied toward Ocwen's loss.

To complete the discount payoff and proceed with lien release, the payoff funds must be accompanied by:
- A copy of the signed discount payoff agreement,
- The final Settlement / Closing Disclosure Statement,
- The affidavit of arm's length transaction,
- The application of suspense funds affidavit (if applicable)
- The promissory note (if applicable)

If these items are not received, payoff funds will be returned to the sender .

---

NMLS # 1852                                                                    DISC_PLS_VAEFM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

REQUIRED STEPS

All Items MUST BE RECEIVED by us on or before 03/27/2017 (the "Expiration Date").

**Step 1.   SIGN All Listed Documents & FAX or EMAIL to Ocwen by the Expiration Date.**

Fax to (407) 737-5071 or Email to SS@ocwen.com

ALL borrowers MUST sign and fax or email all parts of this letter along with the Settlement / Closing Disclosure Statement:

☐ Affidavit of "Arm's Length Transaction" - fully signed by all borrowers.

☐ Final Settlement / Closing Disclosure Statement* - fully completed and signed by all parties.

☐ *IMPORTANT NOTE - The Settlement / Closing Disclosure Statement must be consistent with the preliminary Settlement / Closing Disclosure statement that Ocwen relied upon to approve this discounted payoff. Any surplus funds must be paid directly to Ocwen Loan Servicing, LLC. Under no circumstances shall any funds go the borrower(s) unless Ocwen pre-approves such payment to the borrower(s).

☐ If Junior Liens are being paid off through this transaction, then a copy of the payoff letter which contains language that they will either pursue or not pursue any deficiency judgment or try and collect on the remaining balance must be received prior to closing of this transaction.

☐ Promissory Note Copy & Tracking Information -   applicable where a Promissory Note is required for payoff

   ─ Send a copy fully signed by all borrowers
   ─ Provide tracking information for mailing of ORIGINAL signed Promissory Note

You may also mail all documents to:

> Ocwen Loan Servicing, LLC
> Attn: Collateral Based Solutions (SS)
> 1661 Worthington Road, Suite 100
> West Palm Beach, Florida 33409

**Step 2.   WIRE TRANSFER Payoff to Ocwen by the Expiration Date.**

Ocwen must RECEIVE the approved Payoff Amount by bank wire transfer no later than the close of business of the Expiration Date.

☐       Bank Wire Transfer for  the full amount of  the Approved Payoff - include your loan number

☐       Email details of the wire transfer  and  confirmation to Transferfunds@ocwen.com

---

NMLS # 1852

DISC_PLS_VAEFM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



### Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ℠

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

BANK WIRE DETAILS - HOW TO REMIT PAYMENT:

Wells Fargo Bank, NA
ABA: 121000248
Account Name: Ocwen Loan Servicing, LLC
Account Number: 4124823352
Reference: Loan Number, Property Address, and Borrower Name

## Step 3.   MAIL the following within 48 hours of the Expiration Date.

☐ All pages of the original, signed Promissory Note (include all the pages of the Promissory Note)   - applicable where a Promissory Note is required for payoff.

MAIL TO:  The address listed on the Promissory Note.

As noted above, fax or email a signed Promissory Note copy to Ocwen, along with tracking information for the mailing of the original signed Promissory Note.

NMLS # 1852

DISC_PLS_VAEFM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ℠

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

## ACKNOWLEDGEMENTS

**ACTIVE BANKRUPTCY REQUIREMENT.** If the debt secured by the above-named property or said property is the subject of an active bankruptcy, the above-named Borrower(s) must obtain and send Ocwen an order from the bankruptcy court with jurisdiction over such bankruptcy proceeding. Said court order must approve the terms and conditions of the short sale and the Discount Payoff Agreement.

**ASSISTANCE PAYMENT.** As a condition to receiving the Assistance Payment, the Borrower(s) shall ensure that all occupants have voluntarily and permanently vacated the above-mentioned property no later than the Expiration Date 03/27/2017 leaving the property in "broom clean" condition, free of any exterior and interior debris, damage and destruction and that all appliances, lighting, fixtures, carpeting, etc. remain with the above-mentioned property and that all keys to the above mentioned property, mailboxes, common area facilities, garage door controls and security systems are surrendered to Ocwen or any agent that Ocwen may designate at the time the aforementioned property is vacated. If the Borrower(s) complies with the foregoing condition and all other terms of this Discount Payoff Agreement, Ocwen will instruct the settlement agent to pay the Borrower the Assistance Payment from the sale proceeds at the time that all other payments are disbursed by the settlement agent.

**POSTPONEMENT OF A FORECLOSURE SALE.** If a foreclosure sale date is set, we will postpone the sale date to ensure enough time to complete the discounted payoff. We must receive the Payoff Amount, signed approval letter, executed Affidavit Arm's Length Transaction, Application of Suspense Funds Affidavit, if applicable and executed Promissory Note, if applicable, on or before the Expiration Date of this Agreement.

**AGREEMENT CONFIDENTIALITY.** All contents of this letter and the terms of this Discount Payoff Agreement, are strictly confidential and may only be disclosed to parties authorized by Ocwen, the owner or guarantor of the loan, and their respective agents or any other authorized third party. An authorized third party includes but is not limited to, a counseling agency, Housing Finance Agency (HFA), Consumer Finance Protection Bureau (CFPB), or other similar entity that is assisting in obtaining a foreclosure prevention alternative or ensuring on behalf of the borrower that all mortgage relief options were properly reviewed and offered. Any disclosure or transmittal of this letter or the terms of this Discount Payoff Agreement (including, but not limited to website postings and any promotional materials or publications whatsoever) will result in revocation of the discounted payoff offer and liability against all parties involved in such disclosure.

**LEGAL ACTION.** Upon our timely receipt of the entire Payoff Amount, evidence of satisfaction of the above conditions and a copy of this letter, properly signed by each of the above-named Borrower(s), Ocwen will execute a release/satisfaction and a discharge of the Deed of Trust/Mortgage. If necessary, Ocwen will file a withdrawal in connection with any legal action it may already have taken, as of the date of your response to this letter, to collect this obligation.

**BALANCE WAIVER.** The remaining deficiency after acceptance of the short sale proceeds is $105,582.80. Ocwen has approved the short sale offer as full and final satisfaction of the mortgage indebtedness for this lien. Ocwen agrees to waive the remaining balance due on the referenced loan or such waiver is required by state law and, therefore, Ocwen will release the Borrower(s) from further obligation upon successful completion of the short sale. Furthermore, Ocwen agrees to waive all rights to pursue for further judgment or deficiencies, costs, fees, interest or expenses in association with the referenced loan. Ocwen further agrees that it shall not transfer any further obligations or rights to pursue further judgment or deficiencies to a third party debt-collector. Unless prohibited by state law, Ocwen will report this debt forgiveness to the Internal Revenue Service (IRS) on Form 1099-C.

NMLS # 1852                                                                                                                    DISC_PLS_VAEFM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

**TAX CONSEQUENCES.** Please be advised that completing a short sale may have consequences with respect to your federal, state, or local tax liability, as well as eligibility for any public assistance benefits you may receive. Ocwen cannot advise you on tax liability or any effect on public assistance benefits, you may wish to consult with a qualified individual or organization about any possible tax or other consequences resulting from the short sale and/or deficiency waiver.

**CREDIT REPORTING.** We will follow standard industry practice and report to the major credit reporting agencies that your mortgage was settled for less than the full payment. We have no control over or responsibility for the impact of this report on your credit score. You may access the following website to learn more about the potential impact of a short sale on your credit: http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.

**NOTICE REGARDING CREDIT DISCRIMINATION:** The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Federal Trade Commission, Equal Credit Opportunity, Washington, D.C. 20580.

Ocwen reserves the right to terminate this offer at any time prior to your timely acceptance of the terms set forth above. All terms within this agreement must be strictly complied with, and any failure to complete or comply with any term constitutes failure to accept this discounted payoff offer rendering the offer is null and void. If this discounted payoff is not accepted, is terminated prior to acceptance, or otherwise is not completed as instructed in the manner and time frame set forth in this letter, then nothing in this letter shall be construed to prejudice, waive, modify or alter any of Ocwen or Investor's rights or remedies in law or in equity in collecting the entire amounts due and to come due on the Loan or be construed to waive any defense of Ocwen or Investor.

**OCWEN LOAN SERVICING, LLC IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

NMLS # 1852

DISC_PLS_VAEFM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*


OCWEN

## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
Helping Homeowners is What We Do! ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

ACKNOWLEDGED AND ACCEPTED by:

SIGN HERE

Jesus Reyes   SHELLEY D. KROHN    3 / 1 / 17   Date (MM|DD|YY)
FEDERAL BANKRUPTCY TRUSTEE

SIGN HERE

Piedad Reyes

/     /
Date (MM|DD|YY)

NMLS # 1852                                                                                                 DISC_PLS_VAEFM

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746 - 2936

## AFFIDAVIT OF "ARM'S LENGTH TRANSACTION"

Loan Number: 7191030647

<u>Property Address:</u>
2300 E Sil Rnch Blvd Unit 2131
Las Vegas, NV 89183-3977

All Parties to the contract to purchase aforementioned property dated: 09/21/2016

This affidavit is to be executed before or at the time of closing of the sale of the Mortgaged Premises by all Borrower(s), purchaser(s), real estate brokers representing any of the parties, the escrow/closing agent performing the closing of the sale, and the transaction facilitator facilitating the sale (if any) certifying under penalty of perjury that to the best of each signatory's knowledge and belief:

(a) The sale of the Mortgaged Premises is an "arm's length" transaction, between parties who are unrelated and unaffiliated by family, marriage, or commercial enterprise;

(b) There are no agreements, understandings or contracts between the parties that the Borrower will remain in the Mortgaged Premises as a tenant or later obtain title or ownership of the Mortgaged Premises, except to the extent that the Borrower is permitted to remain as a tenant on the Mortgaged Premises for a short term, as is common and customary in the market but no longer than ninety (90) days, in order to facilitate relocation;

(c) Neither the Borrower(s) nor the purchaser(s) will receive any funds or commissions from the sale of the Mortgaged Premises. The Borrower may receive a payment if it is offered by the Servicer, approved by the Investor and reflected on the Settlement / Closing Disclosure;

(d) There are no agreements, understandings or contracts relating to the current sale or subsequent sale of the Mortgaged Premises that have not been disclosed to the Servicer;

(e) All amounts to be paid to any party, including holders of other liens on the Mortgaged Premises, in connection with the short payoff transaction have been disclosed to and approved by the Servicer and will be reflected on the Settlement / Closing Disclosure;

(f) Each signatory understands, agrees and intends that the Servicer and the Investor are relying upon the statements made in the affidavit as consideration for the reduction of the payoff amount of the Mortgage and agreement to the sale of the Mortgaged Premises;

(g) A signatory who makes a negligent or intentional misrepresentation agrees to indemnify the Servicer and the Investor for any and all loss resulting from the misrepresentation including, but not limited to, repayment of the amount of the reduced payoff of the Mortgage;

(h) The certification will survive the closing of the transaction; and

(i) Each signatory understands that a misrepresentation may subject the party making the misrepresentation to civil and/or criminal liability.

NMLS # 1852

DISC_PLS_VAEFM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ℠

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

## AFFIDAVIT OF "ARM'S LENGTH TRANSACTION" (PAGE 2)

Loan Number: 7191030647

<u>Property Address:</u>
2300 E Sil Rnch Blvd Unit 2131
Las Vegas, NV 89183-3977

You cannot list the property with or sell the property to anyone that you are related to or with whom you have a close personal or business relationship. In legal language, it must be an "arm's length transaction". If you have a real estate license, you cannot earn a commission by listing your own property. You may not have any agreements to receive a portion of the commission or the sale price after closing. The purchaser of a property subject to a short sale must agree not to resell the property within 30 calendar days of closing and further prohibit any resale of the property for 31 to 90 calendar days after closing for a gross sales price greater than 120 percent of the gross sales price of the short sale transaction. Any knowing violation of the arm's length transaction prohibition may be a violation of federal law.

SIGN HERE →

_Shelley Seal_
Seller(s) Signature

Buyer (s) Signature

3 / 1 / 17
Date (MM|DD|YY)

/ /
Date (MM|DD|YY)

SHELLEY D. KROHN
~~Jesus Reyes~~ FEDERAL BANKRUPTCY
~~Piedad Reyes~~ TRUSTEE
Seller's Printed Name

Johnathon Ben Shalom
Buyer's Printed Name

SIGN HERE →

Seller's Agent Signature

Buyer's Agent Signature

3 / 1 / 2017
Date (MM|DD|YY)

/ /
Date (MM|DD|YY)

LISA K. WCAS
Seller's Agent Printed Name

Buyer's Agent Printed Name

NMLS # 1852

DISC_PLS_VAEFM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Page 10 of 11



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!*™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936



Escrow / Closing Company

Escrow/Closing Agent Printed name

Escrow Closing Agent Signature

NMLS # 1852

DISC_PLS_VAEFM

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.

# SELLER'S REAL PROPERTY DISCLOSURE FORM

In accordance with Nevada Law, a seller of residential real property in Nevada must disclose any and all known conditions and aspects of the property which materially affect the value or use of residential property in an adverse manner *(see NRS 113.130 and 113.140)*.

Date _____

Do you currently occupy or have you ever occupied this property?    YES ☐    NO ☒

Property address **2300 East Silverado Ranch Blvd.**                    **Las Vegas**    **NV**    **89123**

Effective October 1, 2011: A purchaser may not waive the requirement to provide this form and a seller may not require a purchaser to waive this form. *(NRS 113.130(3))*

Type of Seller: ☐ Bank (financial institution): ☐ Asset Management Company: ☐ Owner-occupier: ☒ Other: **Court Ordered Sale**

**Purpose of Statement:** (1) This statement is a disclosure of the condition of the property in compliance with the Seller Real Property Disclosure Act, effective January 1, 1996. (2) This statement is a disclosure of the condition and information concerning the property known by the Seller which materially affects the value of the property. Unless otherwise advised, the Seller does not possess any expertise in construction, architecture, engineering or any other specific area related to the construction or condition of the improvements on the property or the land. Also, unless otherwise advised, the Seller has not conducted any inspection of generally inaccessible areas such as the foundation or roof. This statement is not a warranty of any kind by the Seller or by any Agent representing the Seller in this transaction and is not a substitute for any inspections or warranties the Buyer may wish to obtain. Systems and appliances addressed on this form by the seller are not part of the contractual agreement as to the inclusion of any system or appliance as part of the binding agreement.

**Instructions to the Seller:** (1) ANSWER ALL QUESTIONS. (2) REPORT KNOWN CONDITIONS AFFECTING THE PROPERTY. (3) ATTACH ADDITIONAL PAGES WITH YOUR SIGNATURE IF ADDITIONAL SPACE IS REQUIRED. (4) COMPLETE THIS FORM YOURSELF. (5) IF SOME ITEMS DO NOT APPLY TO YOUR PROPERTY, CHECK N/A (NOT APPLICABLE). EFFECTIVE JANUARY 1, 1996, FAILURE TO PROVIDE A PURCHASER WITH A SIGNED DISCLOSURE STATEMENT WILL ENABLE THE PURCHASER TO TERMINATE AN OTHERWISE BINDING PURCHASE AGREEMENT AND SEEK OTHER REMEDIES AS PROVIDED BY THE LAW *(see NRS 113.150)*.

**Systems / Appliances:** Are you aware of any problems and/or defects with any of the following:

| | YES | NO | N/A | | YES | NO | N/A |
|---|---|---|---|---|---|---|---|
| Electrical System | ☐ | ☐ | ☐ | Shower(s) | ☐ | ☐ | ☐ |
| Plumbing | ☐ | ☐ | ☐ | Sink(s) | ☐ | ☐ | ☐ |
| Sewer System & line | ☐ | ☐ | ☐ | Sauna / hot tub(s) | ☐ | ☐ | ☐ |
| Septic tank & leach field | ☐ | ☐ | ☐ | Built-in microwave | ☐ | ☐ | ☐ |
| Well & pump | ☐ | ☐ | ☐ | Range / oven / hood-fan | ☐ | ☐ | ☐ |
| Yard sprinkler system(s) | ☐ | ☐ | ☐ | Dishwasher | ☐ | ☐ | ☐ |
| Fountain(s) | ☐ | ☐ | ☐ | Garbage disposal | ☐ | ☐ | ☐ |
| Heating system | ☐ | ☐ | ☐ | Trash compactor | ☐ | ☐ | ☐ |
| Cooling system | ☐ | ☐ | ☐ | Central vacuum | ☐ | ☐ | ☐ |
| Solar heating system | ☐ | ☐ | ☐ | Alarm system | ☐ | ☐ | ☐ |
| Fireplace & chimney | ☐ | ☐ | ☐ | owned.. ☐  leased.. ☐ | | | |
| Wood burning system | ☐ | ☐ | ☐ | Smoke detector | ☐ | ☐ | ☐ |
| Garage door opener | ☐ | ☐ | ☐ | Intercom | ☐ | ☐ | ☐ |
| Water treatment system(s) | ☐ | ☐ | ☐ | Data Communication line(s) | ☐ | ☐ | ☐ |
| owned.. ☐  leased.. ☐ | | | | Satellite dish(es) | ☐ | ☐ | ☐ |
| Water heater | ☐ | ☐ | ☐ | owned.. ☐  leased.. ☐ | | | |
| Toilet(s) | ☐ | ☐ | ☐ | Other_____ | ☐ | ☐ | ☐ |
| Bathtub(s) | ☐ | ☐ | ☐ | | | | |

**EXPLANATIONS:** Any "Yes" must be fully explained. Attach explanations to form.

_____         _____
*Seller(s) Initials*                                              *Buyer(s) Initials*

This form presented by Lisa K Lucas | Nevada Asset Preservation & Ma | 702-545-0957 | lisalucas@nvasset.com

Instanet

**Property conditions, improvements and additional information:** ............................................ YES    NO    N/A

Are you aware of any of the following?.

**1. Structure:**
- (a) Previous or current moisture conditions and/or water damage? ........................................ ☐ ☐
- (b) Any structural defect? ........................................................................................ ☐ ☐
- (c) Any construction, modification, alterations, or repairs made without required state, city or county building permits? .......................................... ☐ ☐
- (d) Whether the property is or has been the subject of a claim governed by NRS 40.600 to 40.695 (construction defect claims)? ........................................ ☐ ☐
  (If seller answers yes, FURTHER DISCLOSURE IS REQUIRED)

**2. Land / Foundation:**
- (a) Any of the improvements being located on unstable or expansive soil? ........................ ☐ ☐
- (b) Any foundation sliding, settling, movement, upheaval, or earth stability problems that have occurred on the property? .......................................... ☐ ☐
- (c) Any drainage, flooding, water seepage, or high water table? ........................ ☐ ☐
- (d) The property being located in a designated flood plain? ........................ ☐ ☐
- (e) Whether the property is located next to or near any known future development? ........ ☐ ☐
- (f) Any encroachments, easements, zoning violations or nonconforming uses? ........ ☐ ☐
- (g) Is the property adjacent to "open range" land? ........................ ☐ ☐
  (If seller answers yes, FURTHER DISCLOSURE IS REQUIRED under NRS 113.065)

**3. Roof:** Any problems with the roof? .......................................... ☐ ☐

**4. Pool/spa:** Any problems with structure, wall, liner, or equipment.......................... ☐ ☐ ☐

**5. Infestation:** Any history of infestation (termites, carpenter ants, etc.)? ........ ☐ ☐

**6. Environmental:**
- (a) Any substances, materials, or products which may be an environmental hazard such as but not limited to, asbestos, radon gas, urea formaldehyde, fuel or chemical storage tanks, contaminated water or soil on the property? .......................................... ☐ ☐
- (b) Has property been the site of a crime involving the previous manufacture of Methamphetamine where the substances have not been removed from or remediated on the Property by a certified entity or has not been deemed safe for habitation by the Board of Heath? .......................... ☐ ☐

**7. Fungi / Mold:** Any previous or current fungus or mold? .......................................... ☐ ☐

**8.** Any features of the property shared in common with adjoining landowners such as walls, fences, road, driveways or other features whose use or responsibility for maintenance may have an effect on the property? .......................................................................... ☐ ☐

**9. Common Interest Communities:** Any "common areas" (facilities like pools, tennis courts, walkways or other areas co-owned with others) or a homeowner association which has any authority over the property? .......................................................................... ☐ ☐
- (a) Common Interest Community Declaration and Bylaws available? ........................ ☐ ☐
- (b) Any periodic or recurring association fees? .......................................... ☐ ☐
- (c) Any unpaid assessments, fines or liens, and any warnings or notices that may give rise to an assessment, fine or lien? .......................................... ☐ ☐
- (d) Any litigation, arbitration, or mediation related to property or common area? ........ ☐ ☐
- (e) Any assessments associated with the property (excluding property taxes)? ........ ☐ ☐
- (f) Any construction, modification, alterations, or repairs made without required approval from the appropriate Common Interest Community board or committee? ........ ☐ ☐

**10.** Any problems with water quality or water supply? .......................................... ☐ ☐

**11. Any other conditions** or aspects of the property which materially affect its value or use in an adverse manner? .......................................................................... ☐ ☐

**12. Lead-Based Paint:** Was the property constructed on or before 12/31/77? ........ ☐ ☐
(If yes, additional Federal EPA notification and disclosure documents are required)

**13. Water source:** Municipal ☐ Community Well ☐ Domestic Well ☐ Other ☐
If Community Well: State Engineer Well Permit #_____ Revocable ☐ Permanent ☐ Cancelled ☐
**Use of community and domestic wells may be subject to change. Contact the Nevada Division of Water Resources for more information regarding the future use of this well.**

**14. Wastewater disposal:** Municipal Sewer ☐ Septic System ☐ Other ☐

**15.** This property is subject to a Private Transfer Fee Obligation? .......................................... ☐ ☐

**EXPLANATIONS: Any "Yes" must be fully explained. Attach explanations to form.**

Seller(s) Initials _____                    Buyer(s) Initials _____

This form presented by Lisa K Lucas | Nevada Asset Preservation & Ma | 702-545-0957 | lisalucas@nvasset.com    InstanetFORMS

Buyers and sellers of residential property are advised to seek the advice of an attorney concerning their rights and obligations as set forth in Chapter 113 of the Nevada Revised Statutes regarding the seller's obligation to execute the Nevada Real Estate Division's approved "Seller's Real Property Disclosure Form". For your convenience, Chapter 113 of the Nevada Revised Statutes provides as follows:

## CONDITION OF RESIDENTIAL PROPERTY OFFERED FOR SALE

**NRS 113.100 Definitions.** As used in NRS 113.100 to 113.150, inclusive, unless the context otherwise requires:

1. "Defect" means a condition that materially affects the value or use of residential property in an adverse manner.

2. "Disclosure form" means a form that complies with the regulations adopted pursuant to NRS 113.120.

3. "Dwelling unit" means any building, structure or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one person who maintains a household or by two or more persons who maintain a common household.

4. "Residential property" means any land in this state that is affixed not less than one nor more than four dwelling units.

5. "Seller" means a person who sells or intends to sell any residential property.

(Added to NRS by 1995, 842; A 1999, 1346)

**NRS 113.110 Conditions required for "conveyance of property" and to complete service of document.** For the purposes of NRS 113.100 to 113.150, inclusive:

1. A "conveyance of property" occurs:

(a) Upon the closure of any escrow opened for the conveyance; or

(b) If an escrow has not been opened for the conveyance, when the purchaser of the property receives the deed of conveyance.

2. Service of a document is complete:

(a) Upon personal delivery of the document to the person being served; or

(b) Three days after the document is mailed, postage prepaid, to the person being served at his last known address

(Added to NRS by 1995, 844)

**NRS 113.120 Regulations prescribing format and contents of form for disclosing condition of property.** The Real Estate Division of the Department of Business and Industry shall adopt regulations prescribing the format and contents of a form for disclosing the condition of residential property offered for sale. The regulations must ensure that the form:

1. Provides for an evaluation of the condition of any electrical, heating, cooling, plumbing and sewer systems on the property, and of the condition of any other aspects of the property which affect its use or value, and allows the seller of the property to indicate whether or not each of those systems and other aspects of the property has a defect of which the seller is aware.

2. Provides notice:

(a) Of the provisions of NRS 113.130 and subsection 5 of NRS 113.150.

(b) That the disclosures set forth in the form are made by the seller and not by his agent.

(c) That the seller's agent, and the agent of the purchaser or potential purchaser of the residential property, may reveal the completed form and its contents to any purchaser or potential purchaser of the residential property.

(Added to NRS by 1995, 842)

**NRS 113.130 Completion and service of disclosure form before conveyance of property; discovery or worsening of defect after service of form; exceptions; waiver.**

1. Except as otherwise provided in subsection 2:

(a) At least 10 days before residential property is conveyed to a purchaser:

(1) The seller shall complete a disclosure form regarding the residential property; and

(2) The seller or the seller's agent shall serve the purchaser or the purchaser's agent with the completed disclosure form.

(b) If, after service of the completed disclosure form but before conveyance of the property to the purchaser, a seller or the seller's agent discovers a new defect in the residential property that was not identified on the completed disclosure form or discovers that a defect identified on the completed disclosure form has become worse than was indicated on the form, the seller or the seller's agent shall inform the purchaser or the purchaser's agent of that fact, in writing, as soon as practicable after the discovery of that fact but in no event later than the conveyance of the property to the purchaser. If the seller does not agree to repair or replace the defect, the purchaser may:

(1) Rescind the agreement to purchase the property; or

(2) Close escrow and accept the property with the defect as revealed by the seller or the seller's agent without further recourse.

2. Subsection 1 does not apply to a sale or intended sale of residential property:

(a) By foreclosure pursuant to chapter 107 of NRS.

(b) Between any co-owners of the property, spouses or persons related within the third degree of consanguinity.

(c) Which is the first sale of a residence that was constructed by a licensed contractor.

(d) By a person who takes temporary possession or control of or title to the property solely to facilitate the sale of the property on behalf of a person who relocates to another county, state or country before title to the property is transferred to a purchaser.

3. A purchaser of residential property may not waive any of the requirements of subsection 1. A seller of residential property may not require a purchaser to waive any of the requirements of subsection 1 as a condition of sale or for any other purpose.

4. If a sale or intended sale of residential property is exempted from the requirements of subsection 1 pursuant to paragraph (a) of subsection 2, the trustee and the beneficiary of the deed of trust shall, not later than at the time of the conveyance of the property to the purchaser of the residential property, or upon the request of the purchaser of the residential property, provide:

(a) Written notice to the purchaser of any defects in the property of which the trustee or beneficiary, respectively, is aware; and

(b) If any defects are repaired or replaced or attempted to be repaired or replaced, the contact information of any asset management company who provided asset management services for the property. The asset management company shall provide a service report to the purchaser upon request.

5. As used in this section:

(a) "Seller" includes, without limitation, a client as defined in NRS 645H.060.

(b) "Service report" has the meaning ascribed to it in NRS 645H.150.

(Added to NRS by 1995, 842; A 1997, 349; 2003, 1339; 2005, 598; 2011, 2832)

_____          _____
Seller(s) Initials                 Buyer(s) Initials

Nevada Real Estate Division                  Page 3 of 4                  Seller Real Property Disclosure Form 547
Replaces all previous versions                                           Revised 04/29/16

This form presented by Lisa K Lucas | Nevada Asset Preservation & Ma | 702-545-0957 | lisalucas@nvasset.com    Instanet

NRS 113.135  Certain sellers to provide copies of certain provisions of NRS and give notice of certain soil reports; initial purchaser entitled to rescind sales agreement in certain circumstances; waiver of right to rescind.

    1  Upon signing a sales agreement with the initial purchaser of residential property that was not occupied by the purchaser for more than 120 days after substantial completion of the construction of the residential property, the seller shall:

    (a) Provide to the initial purchaser a copy of NRS 11.202 to 11.206, inclusive, and 40.600 to 40.695, inclusive;

    (b) Notify the initial purchaser of any soil report prepared for the residential property or for the subdivision in which the residential property is located; and

    (c) If requested in writing by the initial purchaser not later than 5 days after signing the sales agreement, provide to the purchaser without cost each report described in paragraph (b) not later than 5 days after the seller receives the written request.

    2.  Not later than 20 days after receipt of all reports pursuant to paragraph (c) of subsection 1, the initial purchaser may rescind the sales agreement.

    3  The initial purchaser may waive his right to rescind the sales agreement pursuant to subsection 2. Such a waiver is effective only if it is made in a written document that is signed by the purchaser.

    (Added to NRS by 1999, 1446)

    NRS 113.140  Disclosure of unknown defect not required; form does not constitute warranty; duty of buyer and prospective buyer to exercise reasonable care.

    1.  NRS 113.130 does not require a seller to disclose a defect in residential property of which he is not aware.

    2.  A completed disclosure form does not constitute an express or implied warranty regarding any condition of residential property.

    3.  Neither this chapter nor chapter 645 of NRS relieves a buyer or prospective buyer of the duty to exercise reasonable care to protect himself.

    (Added to NRS by 1995, 843; A 2001, 2896)

    NRS 113.150  Remedies for seller's delayed disclosure or nondisclosure of defects in property; waiver.

    1.  If a seller or the seller's agent fails to serve a completed disclosure form in accordance with the requirements of NRS 113.130, the purchaser may, at any time before the conveyance of the property to the purchaser, rescind the agreement to purchase the property without any penalties.

    2.  If, before the conveyance of the property to the purchaser, a seller or the seller's agent informs the purchaser or the purchaser's agent, through the disclosure form or another written notice, of a defect in the property of which the cost of repair or replacement was not limited by provisions in the agreement to purchase the property, the purchaser may:

    (a) Rescind the agreement to purchase the property at any time before the conveyance of the property to the purchaser; or

    (b) Close escrow and accept the property with the defect as revealed by the seller or the seller's agent without further recourse.

    3.  Rescission of an agreement pursuant to subsection 2 is effective only if made in writing, notarized and served not later than 4 working days after the date on which the purchaser is informed of the defect:

    (a) On the holder of any escrow opened for the conveyance; or

    (b) If an escrow has not been opened for the conveyance, on the seller or the seller's agent.

    4.  Except as otherwise provided in subsection 5, if a seller conveys residential property to a purchaser without complying with the requirements of NRS 113.130 or otherwise providing the purchaser or the purchaser's agent with written notice of all defects in the property of which the seller is aware, and there is a defect in the property of which the seller was aware before the property was conveyed to the purchaser and of which the cost of repair or replacement was not limited by provisions in the agreement to purchase the property, the purchaser is entitled to recover from the seller treble the amount necessary to repair or replace the defective part of the property, together with court costs and reasonable attorney's fees. An action to enforce the provisions of this subsection must be commenced not later than 1 year after the purchaser discovers or reasonably should have discovered the defect or 2 years after the conveyance of the property to the purchaser, whichever occurs later.

    5.  A purchaser may not recover damages from a seller pursuant to subsection 4 on the basis of an error or omission in the disclosure form that was caused by the seller's reliance upon information provided to the seller by:

    (a) An officer or employee of this State or any political subdivision of this State in the ordinary course of his or her duties; or

    (b) A contractor, engineer, land surveyor, certified inspector as defined in NRS 645D.040 or pesticide applicator, who was authorized to practice that profession in this State at the time the information was provided.

    6.  A purchaser of residential property may waive any of his or her rights under this section. Any such waiver is effective only if it is made in a written document that is signed by the purchaser and notarized.

    (Added to NRS by 1995, 843; A 1997, 350, 1797)

The above information provided on pages one (1) and two (2) of this disclosure form is true and correct to the best of seller's knowledge as of the date set forth on page one (1)  **(SELLER HAS DUTY TO DISCLOSE TO BUYER AS NEW DEFECTS ARE DISCOVERED AND/OR KNOWN DEFECTS BECOME WORSE (See NRS 113.130(1)(b)).**

Seller(s): _____  Shelley D. Krohn, Federal Bankruptcy Trustee  Date: 3/1/17

Seller(s): _____  Date: _____

**BUYER MAY WISH TO OBTAIN PROFESSIONAL ADVICE AND INSPECTIONS OF THE PROPERTY TO MORE FULLY DETERMINE THE CONDITION OF THE PROPERTY AND ITS ENVIRONMENTAL STATUS.  Buyer(s) has/have read and acknowledge(s) receipt of a copy of this Seller's Real Property Disclosure Form and copy of NRS Chapter 113.100-150, inclusive, attached hereto as pages three (3) and four (4).**

Buyer(s): _____  Jonathan Ben Shalom  _____  Date: _____

Buyer(s): _____  Date: _____

Nevada Real Estate Division        Page 4 of 4        Seller Real Property Disclosure Form 547
Replaces all previous versions        Revised 04/29/16

This form presented by Lisa K Lucas | Nevada Asset Preservation & Ma | 702-545-0957 | lisalucas@nvasset.com    Instanet FORMS

1

2

3

4

5

6

7

8   Shelley D. Krohn, Trustee
    510 South 8th street
9   Las Vegas, NV 89101
    (702)421-2210, Fax (702)366-1939
10  shelley@trusteekrohn.com
    Chapter 7 Bankruptcy Trustee

11

12

13                **UNITED STATES BANKRUPTCY COURT**
                          **DISTRICT OF NEVADA**
14
                                    Chapter 7
15  In Re:                          Case No.  BKS-14-17610-MKN

16      JESUS J. REYES and          **ORDER GRANTING TRUSTEE'S MOTION**
        PIEDAD E. REYES             **TO SELL NON- EXEMPT ASSETS FREE**
17                                  **AND CLEAR OF LIENS AND**
                                    **ENCUMBRANCES**
18
                                    Hearing Date:
19                                  Hearing Time
                        Debtor(s).
20

21          Shelley D. Krohn, Trustee, filed a Motion to Sell Non-Exempt Asset Free and Clear of Liens

22  and Encumbrances ("Motion") in the above-entitled case. The Motion having come on for hearing

23  on the above date and time, before the United States Bankruptcy Court, District of Nevada; Shelley

24  D. Krohn, Trustee, appearing; the Court having reviewed the motion, finding that service of the

25  motion and notice was proper, no opposition having been filed, that no higher bid was accepted, and

26  good cause appearing, therefore, it is hereby:

27          **ORDERED** that the Trustee's MOTION TO SELL NON-EXEMPT ASSET FREE AND

28  CLEAR OF LIENS AND ENCUMBRANCES is granted. It is further

1

1    **ORDERED** that the Trustee is authorized and directed to execute any and all documents

2    required to complete the sale of the Estate's interest in the real estate located at 2300 East Silverado

3    Ranch Blvd, #2131,  Las Vegas, Nevada 89183, and more particularly described as:

4    　　　Unit 2131 in Bldg 20 of Latigo as recorded in Plat Book 122, Page 41 of the official
     　　　records of the Clark County, Nevada Recorder

5

6    　　　APN #177-23-817-287    (hereinafter "Real Property"),

7    free and clear of any and all liens and encumbrances, without warranty, and in an "as is" condition

8    to Johnathon Ben Shalom, or his assigns, subject to the terms and conditions contained in the

9    Motion, in addition to the terms and conditions contained in the Lender short sale approval. It is
     further

10   　　　**ORDERED** that the Trustee is authorized to pay liens against the Real Property, realtor

11   commission(s), costs of closing and any other necessary fees to consummate the sale.  It is further

12   　　　**ORDERED** that the Court shall waive Rule 6004(h) requiring a stay on the order.

13

14   SUBMITTED BY:

15

16   _____
     SHELLEY D. KROHN, TRUSTEE

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATION

2    In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

3    ___   The court has waived the requirement of approval under LR 9021(b)(1).

4    _X_   No party appeared at the hearing or filed an objection to the motion.

5
6
7    ___   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

8
9    ___   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

10

11    **IT IS SO ORDERED.**

12                              # # #

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28